**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

GRAYSON L.L.C. (OF LOUISIANA), ET AL.   CIVIL ACTION NO. 21-44

VERSUS                                   JUDGE ELIZABETH E. FOOTE

BPX OPERATING CO., ET AL.                MAGISTRATE JUDGE HORNSBY

## <u>MEMORANDUM RULING</u>

Before the Court is a motion for partial dismissal and a motion for a more definite statement[1] filed by Defendants, BPX Operating Company ("BPX Operating") and BPX Production Company ("BPX Production") (collectively, "Defendants") who identify themselves jointly as "BPX."   Plaintiffs, Grayson L.L.C. of Louisiana and Anderson Exploration Energy Company (collectively, "Plaintiffs") oppose the motion. For the following reasons, the motion for partial dismissal is **DENIED**, and the motion for a more definite statement is **DENIED**.

I. <u>Background</u>

Plaintiffs have ownership interests in several Louisiana gas wells spread throughout Caddo and Bossier Parishes.[2]  To earn proceeds from the wells, Plaintiffs entered into multiple marketing agreements that authorized BPX Operating to market and sell Plaintiffs' share of gas.[3]  But according to the Amended Complaint, BPX Production was the entity that marketed and sold Plaintiffs' gas and sent

---

[1] Record Document 65.
[2] Record Document 54, p. 3 ¶ 4.
[3] *Id.* at p. 4 ¶ 6.

1

correspondence regarding the sales.[4]  As Defendants explain, BPX Production is the parent corporation of BPX Operating.[5]

Years after entering into the marketing agreements with BPX Operating, Plaintiffs claim they received an unsigned letter regarding charges associated with the agreements.[6]  Plaintiffs allege it was unclear whether the letter was sent on behalf of BPX Production, BPX Operating, or another BPX entity altogether.[7]  Nevertheless, the letter specifically advised Plaintiffs that they had accumulated unpaid fees and detailed a plan to recoup the outstanding costs.[8]  Following the letter, Plaintiffs allege that more than four hundred thousand dollars was withheld from their gas proceeds over the course of several months.[9]  Plaintiffs claim they never received an explanation for these charges with any detailed information or accounting.[10]

Considering these facts, Plaintiffs brought claims against BPX Operating for breach of contract and breach of fiduciary duty.[11]  Alleging improper conduct, Plaintiffs also brought two claims against BPX Production, which form the primary basis for the present motion.  The first cause of action Plaintiffs allege against BPX Production is unjust enrichment.[12]  To that end, Plaintiffs theorize that BPX

---

[4] *Id.* at p. 7 ¶ 15.
[5] Record Document 65-2, p. 2.
[6] Record Document 54, p. 9 ¶ 23.
[7] *Id.*
[8] *Id.*  The letter itself is not included in Plaintiffs' Amended Complaint.
[9] *Id.* at p. 13 ¶ 33.
[10] *Id.* at p. 13 ¶ 36.
[11] *Id.* at pp. 14, 23 ¶¶ 40, 66.
[12] *Id.* at p. 23 ¶ 68.

Production unjustly profited from gas sales at Plaintiffs' expense.[13]  The second claim Plaintiffs lodge against BPX Production is breach of contract.[14]   Though BPX Production was not a party to the marketing agreements, the foundation for this claim stems from its alleged role in carrying out the agreements.[15]  Still, Plaintiffs have yet to identify a specific contract or provision that involves BPX Production through the course of early and ongoing discovery.

In response, BPX Production moves for partial dismissal of the breach of contract claim against BPX Production or, alternatively, dismissal of the unjust enrichment claim.[16]  In effect, the motion for partial dismissal is based on the idea that Plaintiffs cannot plead both contract and unjust enrichment claims together. Both Defendants also move to dismiss any fraud claims to the extent they exist or, in the alternative, have Plaintiffs provide a more definite statement.[17]

## II. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion need not contain detailed factual allegations, in order to avoid dismissal, the Plaintiffs' factual allegations must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that

---

[13] *Id.*

[14] *Id.*

[15] *Id.* at p. 26 ¶ 78.

[16] Record Document 65-2, p. 1.

[17] *Id.* at p. 2.

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).  In determining whether a plaintiff has pled factual allegations to state a claim that is plausible, the Court may not evaluate the Plaintiffs' likelihood of success but must construe the complaint liberally and accept all of the Plaintiffs' factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

III. <u>Law and Analysis</u>

    *i. Breach of Contract and Unjust Enrichment*

    BPX Production first argues that Plaintiffs cannot plead a valid contract claim because they have yet to identify a contract that it allegedly breached.  In other words, BPX Production asserts that Plaintiffs cannot provide a factual basis to support a cause of action for breach of contract.  Alternatively, assuming Plaintiffs adequately pled breach of contract, BPX Production contends that Louisiana law bars Plaintiffs' other claim for unjust enrichment. [18]  Citing case law, BPX Production argues that unjust enrichment is not a viable theory when other legal remedies are available.[19]  For this reason, it theorizes that the Plaintiffs' claims for breach of contract and unjust enrichment cannot co-exist.

---

[18] *Id.* at pp. 1−2.
[19] *Id.* at p. 2.

4

Plaintiffs, on the other hand, argue that the two causes of action are plausible on their face and supported with sufficient detail.  Arguing unjust enrichment, for example, Plaintiffs allege that BPX Production had a role in selling their gas and wrongfully withholding money from their share of gas proceeds.  Plaintiffs believe that BPX Production was the BPX entity that decided what to deduct and how much to retain from the gas sales.[20]  As a result, Plaintiffs contend that BPX Production was at minimum unjustly enriched at Plaintiffs' expense.[21]

Alternatively, as stated above, they plead breach of contract noting BPX Production's substantial role in the marketing agreements with BPX Operating.[22] After all, Plaintiffs allege BPX Production was the company that sold the gas and sent correspondence regarding the sales.  But as BPX Production notes, Plaintiffs do not point to any specific contract or provision that involved BPX Production.  Even so, citing a range of reasons, Plaintiffs argue that they cannot yet assess whether BPX Production owed them any legal obligations.[23]  Among other hurdles, for instance, Plaintiffs cite Defendants' intentionally confusing "corporate strategy."[24]  By using multiple affiliates in business transactions and correspondence, Plaintiffs claim that Defendants purposefully made it difficult to unravel BPX Production's legal relationship with Plaintiffs.  The confusing network of companies coupled with the lack of discovery currently makes any valid legal remedies uncertain.  For these

---

[20] Record Document 54, p. 25 ¶ 76.
[21] *Id.* at p. 25 ¶ 76.
[22] *Id.* at p. 26 ¶ 78.
[23] *Id.* at p. 27 ¶ 83.
[24] *Id.* at p. 5 ¶ 8; Record Document 67, p. 7.

reasons, Plaintiffs argue the Court should refrain from dismissing their contract claim.

Plaintiffs also argue that both causes of action against BPX Production are simultaneously viable because the claims are pled in the alternative.  They cite the Federal Rules of Civil Procedure and argue Rule 8(d) permits alternative pleadings.[25] Though Plaintiffs concede that they can only recover under either unjust enrichment or breach of contract, they contend that the claims should both survive dismissal.

The Court agrees and finds that Plaintiffs have adequately pled causes of action against BPX Production for breach of contract and unjust enrichment.  A claim for unjust enrichment is governed by Louisiana Civil Code article 2298, which states in relevant part:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term 'without cause' is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

La. Civ. Code art. 2298.  To recover for unjust enrichment, a plaintiff must show: (1) an enrichment of the defendant; (2) an impoverishment of the plaintiff; (3) a connection between the enrichment and the resulting impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) there must be no other remedy at law available to plaintiff.  *Baker v. Maclay Prop. Co.*, 94-1529 (La. 1/17/95); 648 So. 2d 888, 897.

---

[25] Record Document 67, p. 6.

At issue here is element five—whether Plaintiffs' alternative breach of contract claim precludes Plaintiffs from pursuing an unjust enrichment theory.  To be sure, the absence of an available legal remedy is a threshold requirement for an unjust enrichment claim because the theory exists only to "fill a gap in the law where no express remedy is provided." *Walters v. MedSouth Rec. Mgmt., L.L.C.*, 2010-0351 (La. 6/4/10); 38 So. 3d 245, 246 (quoting *Mouton v. State*, 525 So. 2d 1136, 1142 (La. App. 1 Cir. 4/19/88)).

Taking Plaintiffs' claims as true, it is unclear whether an available remedy exists against BPX Production.  Even though it was not a party to the marketing agreements, BPX Production was considerably involved in executing the relevant contracts.  As a result, multiple BPX entities were working in unison to allegedly deprive Plaintiffs of their gas proceeds.  The Court therefore questions whether BPX Operating entered contracts with BPX Production on Plaintiffs' behalf, or whether BPX Production is liable under a single business enterprise theory[26] or other principle of law.  In any case, contractual obligations may be owed to Plaintiffs, and considering the uncertainty at this stage of discovery, dismissing the contract claim would be premature and inappropriate.  *Williams v. Chesapeake Operating, Inc.*, No. 10-1906, 2011 WL 13160764, at *2 (W.D. La. Sept. 14, 2011) (refusing to dismiss contract claims when the validity of the contract was in question).

---

[26] "The 'single business enterprise' doctrine is a theory for imposing liability where two or more business entities act as one." *Brown v. ANA Ins. Grp.*, 2007-2116 (La. 10/14/08); 994 So. 2d 1265, 1267.

The Court will likewise refrain from dismissing Plaintiffs' unjust enrichment claim because absent any contractual liabilities, Plaintiffs have no legal remedies outside unjust enrichment.  The Court further rejects the "blanket proposition that no plaintiff may ever plead an unjust enrichment claim alongside a claim which would grant a remedy at law."  *Id.*; *see also U.S. ex rel. Sun Coast Contracting Servs., L.L.C. v. DQSI, L.L.C.*, No. 13-568, 2014 WL 7246936, at *5 (M.D. La. Dec. 17, 2014) (allowing a plaintiff to plead unjust enrichment alongside a contract claim because the validity of the contract was in question).  The Plaintiffs here "are not asking for two separate recoveries, but a single recovery based on one of the two suggested bases."  *Univ. Rehab. Hosp., Inc. v. Int'l Coop. Consultants, Inc.*, No. 05-1827, 2006 WL 2983050, at *5–6 (W.D. La. Oct. 16, 2006).

In sum, the existence of a contract with BPX Production is still unclear.  And under the Federal Rules of Civil Procedure, Plaintiffs have the right to pursue alternative claims.  Fed. R. Civ. P. 8(d).  For these reasons, the Court will not require Plaintiffs to pick one of the two causes of action at this time.  *Prop. One, Inc. v. USAgencies, L.L.C.*, 830 F. Supp. 2d 170, 181 (M.D. La. 2011) (holding that the law does not compel an "election of remedies between a contractual theory and an unjust enrichment theory prior to filing a complaint").  BPX Production's motion to dismiss Plaintiffs' breach of contract claim is therefore **DENIED**.  BPX Production's motion to dismiss Plaintiffs' unjust enrichment claim is also **DENIED**.

*ii. Fraud*

Both Defendants finally move to dismiss Plaintiffs' fraud claims to the extent they exist.  Though Plaintiffs did not specifically plead fraud, both Defendants believe the Amended Complaint uses language "part and parcel" with typical fraud claims.[27] But in the event the Court declines to dismiss any potential action for fraud, Defendants move for Plaintiffs to amend their complaint to provide a more definite statement.

The Court finds Defendants' request without merit.  Plaintiffs have not pursued fraud claims against BPX Production nor BPX Operating.   In their opposition, Plaintiffs even state that they have not, nor have they ever alleged fraud.[28] Defendants' motion to dismiss this non-existent cause of action is thus **DENIED** as moot.  Defendants' motion to provide a more definite statement regarding the alleged fraud claim is likewise **DENIED**.

IV. Conclusion

Based on the reasons above, **IT IS ORDERED** that the motion for partial dismissal and motion for a more definite statement[29] filed on behalf of Defendants is **DENIED.**

**THUS DONE AND SIGNED** this 2nd day of February, 2022.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

[27] Record Document 72, p. 6.
[28] Record Document 67, p. 7.
[29] Record Document 65.

9